PROB 12C
(NEP 4/2013)

**SEALED**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

Petition for Warrant or Summons for Offender Under Supervision

| | | |
|---|---|---|
| **Offender:** | Thomas Jake Parrish | **Docket No.** 8:12CR00386 |
| **Type of Supervision:** | Supervised Release | **Date of This Report:** September 17, 2013 |

**Sentencing Judge:** The Honorable Karen E. Schreier
U.S. District Judge, District of South Dakota

**Assigned to:** The Honorable Laurie Smith Camp
Chief U.S. District Judge

**Offense of Conviction:** Distribution of a Controlled Substance to a Person Under 21 [21 U.S.C. 841(a) and 841 (b)(1)(C) and 859]; Felon in Possession of a Firearm [18 U.S.C. 922(g)(1) and 924(a)(2)]
Date Sentenced: May 14, 2007
Original Sentence: 78 Months custody; 72 Months Supervised Release

**Supervision Term:** September 13, 2012 through September 12, 2018

| **Prepared By:** | **Assistant U.S. Attorney:** | **Defense Attorney:** |
|---|---|---|
| Alicia A. Friedman | John E. Higgins | David R. Stickman |
| U.S. Probation Officer | | |

## PETITIONING THE COURT

The undersigned probation officer recommends that a **Warrant** be issued for service upon Thomas Jake Parrish and that a hearing be held by the Court to determine whether the offender has violated the conditions of supervision as set forth in this report and to determine whether the offender's supervision should be revoked or continued, modified, and/or extended based on the alleged violations. A Warrant is requested as Thomas Jake Parrish poses a flight risk. To expedite the issuance of a warrant, the updated presentence report and worksheets do not accompany this report, but will be provided to the Court by September 27, 2013.

**Thomas Jake Parrish**  September 17, 2013
**Petition for Warrant or Summons**  Page 2 of 4

The probation officer believes the offender has violated the following conditions of supervision:

| **Allegation No.** | **Nature of Noncompliance** |
|---|---|
| 1 | Thomas Jake Parrish is in violation of **Standard Condition #5** which states, "The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons." |
| | Mr. Parrish failed to maintain any form of employment, as directed by the probation officer, during the following periods of time:<br>December 5, 2012, to January 27, 2013<br>February 16 to April 8, 2013<br>May 11 to July 9, 2013 |
| 2 | Thomas Jake Parrish is in violation of **Standard Condition #6** which states, "The defendant shall notify the probation officer at least ten days prior to any change in residence or employment." |
| | Mr. Parrish failed to notify the probation officer of his discharge from an Oxford House and subsequent return to his mother's residence. He was discharged from the Oxford House on May 8, 2013, but failed to report this change in residency until six days later on May 14, 2013. |
| 3 | Thomas Jake Parrish is in violation of **Standard Condition #7** which states, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician." |
| | On October 22, 2012, Mr. Parrish submitted a urine sample at the U.S. Probation Office that tested presumptive positive for cannabis. |
| | On April 29, 2013, Mr. Parrish submitted a urine sample at the Omaha Campus for Hope that tested presumptive positive for amphetamines. |
| | On May 14, 2013, Mr. Parrish provided a verbal admission of methamphetamine use following several missed drug tests and his discharge from a sober house. |
| 4 | Thomas Jake Parrish is in violation of **Special Condition #1** which states, "The defendant shall not consume any alcohol beverages or frequent establishments whose primary business is the sale of alcoholic beverages." |
| | On October 31, 2012, Mr. Parrish provided a verbal admission of heavy alcohol use to the point of intoxication on multiple occasions during the preceding two months on supervision. |
| | On December 21, 2012, Mr. Parrish provided a verbal admission of heavy alcohol use to the point of intoxication on multiple occasions during the preceding five weeks on supervision. |

**Thomas Jake Parrish**  **September 17, 2013**
**Petition for Warrant or Summons**  **Page 3 of 4**

| | |
|---|---|
| 5 | Thomas Jake Parrish is in violation of **Special Condition #5** which states, "The defendant shall participate in a program approved by and at the direction of the probation office for treatment of substance abuse." |
| | On March 5, 2013, Mr. Parrish was unsuccessfully discharged from the cognitive-based program Moral Reconation Therapy (MRT), which had been utilized as an intervention addressing prior chemical use.  He was discharged from the program due to excessive absences. |
| 6 | Thomas Jake Parrish is in violation of **Special Condition #8** which states, "The defendant shall submit a sample of his blood, breath, or urine at the discretion of or upon the request of the probation office." |
| | Mr. Parrish failed to report for drug testing as directed by the probation officer on the following dates: April 4, May 7, and June 10, 2013 |
| 7 | Thomas Jake Parrish is in violation of **Special Condition #9** which states, " The defendant shall comply with mental health treatment and take any prescription medication as deemed necessary by his treatment provider." |
| | Mr. Parrish failed to attend required psychiatric medication checks and failed to take prescribed psychiatric medications, as directed by both the probation officer and the treatment provider, during the months of February and May, 2013.  The medications had been prescribed by a psychiatrist and were deemed necessary as part of the offender's mental health treatment plan. |
| 8 | Thomas Jake Parrish is in violation of **Modified Condition #1** (imposed June 19, 2013) which states, "The defendant shall reside in a residential reentry center (RRC) for a period of up to 180 days in the correctional component, to commence at the direction of the Probation Officer, and the defendant shall observe the rules of that facility.  The defendant may be discharged earlier than 180 days by the Probation Officer, if the defendant is determined to be in full compliance with the conditions of supervision." |
| | On September 17, 2013, Mr. Parrish's noncompliant conduct at the residential reentry center (RRC) in Council Bluffs, Iowa, led to the RRC management's decision to unsuccessfully discharge him from Public Law placement.  On September 12 and 15, 2013, Mr. Parrish incurred disciplinary reports due to failure to follow the rules and maintaining a negative attitude with staff.  RRC staff members report that the offender had displayed similar behaviors since commencing residency there on July 1, 2013. |

**Thomas Jake Parrish**  September 17, 2013
**Petition for Warrant or Summons**  Page 4 of 4

Assistant U.S. Attorney John E. Higgins has been notified of this action.

I declare under penalty of perjury that the forgoing is true and correct.

Respectfully submitted, Reviewed by:

_/s/ Alicia Friedman_ _/s/ John A. Hill_
Alicia A. Friedman John A. Hill
U. S. Probation Officer Supervising U. S. Probation Officer


**THE COURT ORDERS THAT:**

___ No action shall be taken.

_X_ A Warrant shall be issued for service upon Thomas Jake Parrish and a hearing held by the Court to determine whether Thomas Jake Parrish has violated the conditions of supervision as set out in the foregoing report and to determine whether the term of supervision should be revoked, continued, modified, and/or extended based on the alleged violations.

___ The U. S. Probation Officer shall summons Thomas Jake Parrish to appear for a hearing in court to determine whether Thomas Jake Parrish has violated the conditions of supervision as set out in the foregoing report and to determine whether the term of supervision should be revoked, continued, modified, and/or extended based on the alleged violations.

___ The following action to be taken (specify other action):

s/Laurie Smith Camp   September 17, 2013
The Honorable Laurie Smith Camp  Date
Chief U.S. District Judge


* * * **NOTICE TO OFFENDER** * * *

**Pursuant to the Federal Rules of Criminal Procedure 32.1(b)(2) you are entitled to:**
(A) written notice of the alleged violation(s);
(B) disclosure of the evidence against you;
(C) an opportunity to appear, present evidence, and question adverse witnesses unless the court determines that the interest of justice does not require the witness to appear;
(D) notice of your right to retain counsel or to request that counsel be appointed if you cannot obtain counsel.